IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

JOHN ROBERT BEGLEY and )
CARRIE BELL BEGLEY, on behalf )
of themselves and all others similarly )
situated, )
 )
                Plaintiffs, ) CASE NO. 3:16-cv-00149-MCR-CJK
 )
v. )
 )
OCWEN LOAN SERVICING, LLC, )
 )
                Defendant. )

## CASE MANAGEMENT REPORT

The parties held a Rule 26(f) meeting by phone on multiple days between August 1 and August 22, 2016, with Joseph "Jay" H. Aughtman participating on behalf of Plaintiffs and Michael R. Pennington participating on behalf of Defendant Ocwen Loan Servicing, LLC ("Ocwen"). The parties agree fully on the contents of this report.

This is a complex case filed as a putative class action. Potential witnesses include personnel located in India and other overseas locations employed by Ocwen affiliated entities and vendors who may provide important information about Ocwen's mortgage servicing operations. Plaintiffs filed a complaint and an amended complaint, and have now dismissed all Defendants except Ocwen Loan Servicing, LLC ("Ocwen").  Ocwen filed a motion to dismiss the operative

amended complaint which is not yet fully briefed and has not yet been ruled upon. However, because the parties have now scheduled a mediation on September 26, 2016 before the Hon. Thomas Scott (retired), former judge of the United States District Court for the Southern District of Florida, the parties ask the Court's indulgence to delay completion of briefing on the motion to dismiss and the commencement of *formal* discovery until the results of mediation are known. Despite this temporary delay in the commencement of *formal* discovery, the parties intend to informally engage in the exchange of certain due diligence information as part of the mediation process.

    The parties therefore propose the deadline for Plaintiff's brief in opposition to the pending motion to dismiss be 14 days after notification to the Court by either party that in that party's judgment an impasse has been reached in mediation. The parties also agree, assuming the pending motion to dismiss is not granted, the trial date, trial duration, and other trial-related deadlines should not be set until after the issue of class certification is first decided. Finally, the parties agree the start date of discovery should not be earlier than the date briefing is completed on the motion to dismiss.[1]

---

[1] In the event of an impasse, Ocwen reserves and does not waive its right to seek a further temporary stay pending a ruling on the motion to dismiss.

Subject to the foregoing, and subject to the Court's approval, the parties have agreed on the following discovery plan and schedule pursuant to Fed. R. Civ. P. 26(f).

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** | The parties stipulate that initial disclosures will be provided 28 days after the Discovery Start Date |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Already Filed by Parties |
| **Motions to Add Parties or to Amend Pleadings** | 120 days before the close of fact discovery |
| **Disclosure of Expert Reports as to Experts Relied Upon for Class Certification or Merits of Named Plaintiff's Claims** | Plaintiff's Expert Reports: due 21 days after the close of fact discovery, with experts to be deposed within 28 days thereafter.<br><br>Defendant's Expert Reports: due 14 days after deadline for deposition of plaintiff's experts, with experts to be deposed within 28 days thereafter. |

1/4054065.1

| | |
|---|---|
| **Discovery Deadlines as to Class Certification and Merits of Named Plaintiff's Claims**[2] | Fact Discovery: 10 months after Discovery Start Date. |
| | Expert Discovery: 90 days after the close of fact discovery. |
| **Dispositive Motions as to Named Plaintiff, Class Certification Motions and Daubert Motions for Experts Related to Class Certification or Merits of Named Plaintiff's Claims** | The parties may submit any dispositive motions as to the named plaintiffs' claims or any motion for class certification no later than 14 days after the close of expert discovery. Any opposition thereto on any substantive or procedural ground must be filed within 35 days thereafter, with replies due 14 days after that. |
| | The deadline for *Daubert* motions related to the opposing party's experts relied upon for purposes of class certification are due at the same time a party files its principal brief on class certification. For experts other than those relied upon for class certification purposes, deadlines for *Daubert* motions will be set after the Court issues its decision on class certification. |

---

[2] The parties may require additional post-certification discovery after the Court's ruling on certification. The parties propose to raise that issue with the Court after the entry of any ruling on class certification if need be.

4

1/4054065.1

| | |
|---|---|
| **Trial** | (month, year) |
| | TBD after the Court enters an order on class certification. |
| **Estimated Length of Trial** | TBD after the Court enters an order on class certification. |
| **Jury / Non-Jury** | Plaintiff has demanded a jury trial. |
| **Mediation** | The parties have already scheduled mediation for September 26, 2016 before the Hon. Thomas Scott. The parties will inform the Court by October 3, 2016 whether the mediation is successful, at an impasse or ongoing, including if applicable the date the mediation will be reconvened. |
| **Pretrial Conference** | The parties propose a pretrial conference be determined following the Court's order on class certification. |

**Other Matters:**

    1.    <u>Confidentiality</u>:  ALL PARTIES RECOGNIZE THAT DISCOVERY WILL INVOLVE INFORMATION THAT IS CONFIDENTIAL, AND BEFORE DOCUMENTS ARE PRODUCED, THE PARTIES WILL USE THEIR BEST

EFFORTS TO NEGOTIATE AND EXECUTE A CONFIDENTIALITY AGREEMENT.

**2.     Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

THE PARTIES ASK THE COURT TO ENTER A RULE 502 ORDER AS FOLLOWS:

In order to allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes material protected by the attorney-client privilege, the common interest privilege or the work product doctrine, trial preparation materials, materials prepared in anticipation of litigation, or materials protected from disclosure by rule, case law or statute (any and all of the foregoing being hereinafter referred to as "Privileged Material."). In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privileged Material, or any other inadvertent or erroneous disclosure of Privileged Material, shall not be deemed to waive — in this litigation or in any other federal or state proceeding — any applicable privilege or immunity or protection from disclosure that would otherwise attach to the document or information or to other documents or information, regardless of the extent (if any) to which the party producing the document or information has reviewed the document or information for privilege

6

or other protection. In no event shall the inadvertent or erroneous production, disclosure, or transmission of Privileged Material form the basis for a claim in this or any other state or federal litigation that the material is not so protected.

Dated:    August 22nd, 2016

/s/ BRYAN AYLSTOCK
Bryan Aylstock
Fla. Bar No. 78263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Fax: (850) 916-7449
Email: baylstock@awkolaw.com

/s/ AARON HEMMINGS
Aaron Hemmings
*pro hac vice*
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone:    (919) 277-0161
Fax:   (919) 277-0162
ahemmings@hemmingsandstevens.com

*Attorneys for Plaintiff*

/s/ MICHAEL R. PENNINGTON
Michael R. Pennington
*pro hac vice*
Brian Wahl
Fla. Bar No. 0095777
Michael B. Colgan
Fla. Bar. No. 191383
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8391
Facsimile: (205-488-6391
mpennington@bradley.com
bwahl@bradley.com
mcolgan@bradley.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed the foregoing through the CM/ECF online filing system for U.S. District Court for the Northern District of Florida, which will automatically send e-mail notification to all attorneys of record, each of whom is a registered participant in the Court's notice and filing system and each of whom may access said filing via the Court's CM/ECF system.

    This the 22nd day of August, 2016.

                                                              */s/ Aaron Hemmings*