IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN ROBERT BEGLEY and CARRIE BELL BEGLEY, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CASE NO. 3:16-cv-00149-MCR-CJK |
| v. | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| Defendant. | ) |

### DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION FOR FINDING THAT THE NOTICE REQUIREMENTS OF THE CLASS ACTION FAIRNESS ACT HAVE BEEN MET, AND SUPPORTING MEMORANDUM OF LAW

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully moves the Court to find that Ocwen has fully complied with the class settlement notice requirements of the Class Action Fairness Act ("CAFA"). In support of this motion, Ocwen would show unto the Court the following. Prior to the filing of this motion, the undersigned conferred with Plaintiffs' counsel pursuant to Local Rule 7.1(B) regarding this motion and the relief it seeks, and Plaintiffs' counsel stated their non-opposition to this motion for purposes of settlement only.

1

## INTRODUCTION

On May 12, 2017, Ocwen entered into the Stipulation of Settlement and Release (the "Agreement") with Plaintiffs John and Carrie Begley (the "Begleys"), on behalf of themselves and as the putative representatives of the proposed Settlement Class. (Docs. 46-2 through 46-7). In connection with the Begleys' motion for preliminary approval of that Agreement, and the agreed-upon preliminary approval order it proposes, the Court is being asked to find:

> that the form and contents of, and information provided by, the notices given by Ocwen to federal and state regulatory officials, as well as the identity of the officials to whom those notices were sent, to be reasonable, proper, and in full compliance with the requirements of 28 U.S.C. § 1715. As such, the Court finds that Ocwen need not provide any further or supplemental notices under CAFA.

(Doc. 46-7 at ¶ 12).

## ARGUMENT

CAFA requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." 28 U.S.C. § 1715(b). To comply with this requirement, on May 19, 2017, Ocwen served a CAFA Notice of Proposed Settlement, together with various exhibits on an enclosed CD (collectively, the "Notice"), by certified mail on the Attorney General of the United States, the Attorneys General of each of the fifty

States, the Attorneys General of the District of Columbia, Guam, the Virgin Islands and the Commonwealth of Puerto Rico, the Federal Trade Commission, and the Consumer Financial Protection Bureau.  (*See* Declaration of Michael R. Pennington, dated May 19, 2017 ("Pennington Decl.," attached as **Exhibit A**), ¶ 2 and Ex. 1).

## I.     THE NOTICE WAS TIMELY PROVIDED

CAFA requires that notification of a proposed class action settlement be served on the appropriate State and Federal officials "not later than 10 days after" the proposed settlement is filed with the Court.  28 U.S.C. § 1715(b).  Here, the Begleys filed the Parties' proposed Agreement with the Court on May 12, 2017.  (Doc. 46-1).  Ocwen sent out the Notice on May 19, 2017, thus complying with CAFA's 10-day notice requirement.  (Pennington Decl., ¶ 2 and Ex. 1).

## II.    THE NOTICE WAS SENT TO THE APPROPRIATE OFFICIALS

CAFA requires notice of a proposed class action settlement to be served on the "appropriate" State and Federal officials.  28 U.S.C. § 1715(b).

The "appropriate" *Federal* official for purposes of CAFA notification is the Attorney General of the United States, subject to certain exceptions not applicable here.  28 U.S.C. § 1715(a)(1).  Although not specifically required by CAFA, Ocwen also served the Notice on the Federal Trade Commission and the Consumer Financial Protection Bureau, as both have general regulatory authority over nonbank mortgage servicing companies.  (Pennington Decl. at ¶ 2 and Ex. 1).

According to CAFA, "the term 'appropriate *State* official' means the person in the State who has the primary regulatory or supervisory responsibility with respect to the defendant, or who licenses or otherwise authorizes the defendant to conduct business in the State, if some or all of the matters alleged in the class action are subject to regulation by that person." 28 U.S.C. § 1715(a)(2) (emphasis added). However, "[i]f there is no *primary* regulator, supervisor, or licensing authority, or the matters alleged in the class action are not subject to regulation or supervision by that person, then the appropriate State official shall be the State attorney general." *Id.* (emphasis added). In other words, CAFA does not require a defendant to guess which State official should receive notice if there is no single, and instead potentially several different, persons and agencies whose regulatory authority might be at issue based on the allegations at issue. 28 U.S.C. § 1715(e)(2) (a defendant will be deemed to have complied with CAFA's notice requirements if the required notice was "directed to the appropriate Federal official *and to either* the State attorney general or the person that has primary regulatory, supervisory or licensing authority over the defendant.") (emphasis added).

Here, "the matters alleged in the class action" relate to Ocwen's servicing of loans enrolled in optional and elective weekly or bi-weekly payment programs offered by ACI Worldwide, Inc. ("ACI"). (Doc. 46; *see also* Docs. 1, 18). The Consumer Financial Protection Bureau has previously taken the position that it has

4

authority to regulate nonbank mortgage servicers and third-party administrators of such programs, at least to the extent that their conduct constitutes "deceptive acts or practices" under the Dodd-Frank Wall Street Reform and Consumer Protection Act. At the same time, the matters alleged in this case are not "subject to regulation or supervision" by any *single* State official, nor is there any *single* person in any State "who has primary regulatory or supervisory responsibility with respect to" Ocwen (such responsibility is generally split between varying State officials and agencies). Therefore, the appropriate State officials for purposes of CAFA notification here are the States' Attorneys General.  28 U.S.C. §§ 1715(a)(2); 1715(e)(2).

After compiling a roster of the members of the proposed Settlement Class, Ocwen then identified from that roster the U.S. States, Districts, Commonwealths and Territories in which the proposed Settlement Class Members reside.  *See* 28 U.S.C. § 1332(e), incorporated by reference in the jurisdictional provisions of CAFA codified at 28 U.S.C. § 1332(d), defining "States" to include "the Territories, the District of Columbia, and the Commonwealth of Puerto Rico."  Settlement Class Members were identified as residing in each of the fifty States, the District of Columbia, the Commonwealth of Puerto Rico, Guam and the Virgin Islands.  Ocwen then served the Notice on the Attorneys General of each such State, District, Commonwealth and Territory.  (Pennington Decl. at ¶ 2 and Ex. 1).

Ocwen has thus complied with 28 U.S.C. § 1715(b), by serving the Notice on the "appropriate" State and Federal officials.

## III. THE CONTENT OF THE NOTICE COMPLIED WITH CAFA

Under CAFA, a class action settlement notice must contain:

(1) a copy of the complaint and any materials filed with the complaint and any amended complaints;

(2) notice of any scheduled judicial hearing in the class action;

(3) any proposed or final notification to class members of—

> (A)(i) the members' rights to request exclusion from the class action; or (ii) if no right to request exclusion exists, a statement that no such right exists; and
>
> (B) a proposed settlement of a class action;

(4) any proposed or final class action settlement;

(5) any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants;

(6) any final judgment or notice of dismissal;

(7)
> (A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or
>
> (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement; and

(8)     any written judicial opinion relating to the materials described under subparagraphs (3) through (6).

28 U.S.C. § 1715(b).  Here, the Notice complied with all of these requirements. (Pennington Decl. at ¶ 2 and Ex. 1).

## CONCLUSION

For the foregoing reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that the Court enter a finding that Ocwen has complied with CAFA's notice provision requirements, as set forth in paragraph 12 of the [proposed] Order Preliminarily Certifying a Class for Settlement Purposes, Granting Preliminary Approval of Class Settlement, Directing the Issuance of Notice, and Enjoining the Prosecution of Related Actions.  (Doc. 46-7).

## LOCAL RULE 7.1(F) WORD LIMIT CERTIFICATION

Ocwen hereby certifies, pursuant to the word count function of the word-processing system used to prepare this response, including all headings, footnotes, and quotations, but excluding the case style, signature block, and certificate of service, contain 1,439 words.

This 19th day of May, 2017.    Respectfully submitted,

*/s/ Michael R. Pennington*
Michael R. Pennington (pro hac vice)
Brian A. Wahl (FBN: 0095777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800
mpennington@bradley.com
bwhahl@bradley.com

Michael B. Colgan (FBN: 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Telephone:  (813) 559-5500
Facsimile:  (813) 229-5946
mcolgan@bradley.com

*Attorneys for Defendant,*
*Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of May, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will send a notice of electronic filing to all counsel of record.

                                    */s/ Michael R. Pennington*
                                    Michael R. Pennington (pro hac vice)