UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN ROBERT BEGLEY and
CARRIE BELL BEGLEY, on behalf
of themselves and all others similarly
situated,

      Plaintiffs,

v.                              Case No. 3:16cv149/MCR/CJK

OCWEN LOAN SERVICING, LLC,

      Defendant,
_____/

## ORDER

Class counsel has filed an unopposed motion for attorneys' fees, costs, and service in the amount of $2 million dollars. ECF No. 54. It is well-established that class counsel may be awarded reasonable attorneys' fees and nontaxable costs, calculated based on the nature of the litigation and the benefit obtained for the class. Fed. R. Civ. P. 23(h); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). The nonexclusive factors a court should consider in determining the reasonableness of the attorneys' fees are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client

or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Camden I*, 946 F.2d at 772.

The fee requested by class counsel in this case is $2 million dollars, which represents approximately 8% of the total gross value of the settlement.[1]  This falls well below the range of 30-33% that is customary in similar cases.  *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1330, 1366, n.35 (S.D. Fla. 2011).  Regarding time and labor, class counsel has provided evidence that it spent numerous hours investigating claims, exchanging and analyzing informal discovery, preparing for and attending three separate mediation sessions, and negotiating the settlement of this case between April 2016 and May 2017.  Class counsels' responsibilities will continue after final approval of the settlement and, if necessary, they will handle any appeals.  This case presents a unique set of facts and the recovery to the class members is not only novel, but also complex, requiring the assistance of expert economists and forensic accountants to properly analyze and frame the issues.  Given the factual and legal defenses raised by Ocwen Loan Servicing, L.L.C. ("Ocwen"), there was a very real possibility that Plaintiffs would not have been able to obtain class certification for purposes of litigation and trial.

---

[1] Ocwen will pay the attorneys' fees and costs separately.

To achieve such a favorable settlement result in these circumstances required a high degree of skill and diplomacy. Taken together, these factors support a finding that class counsels' attorneys' fees, costs, and service are fair and reasonable. Therefore, the Court finds that class counsels' motion is due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs and Service Award, ECF No. 54, is **GRANTED**.

2. Class counsel Aylstock, Witkin, Kreis, Overholz, LLC, Golomb & Honic, P.C., Hemmings & Stevens, P.L.L.C., and Aughtman Law Firm, LLC are hereby awarded attorneys' fees and expenses in the amount of $2 million, to be paid separately by Ocwen, in accordance with the settlement. The Court finds this amount to be fair and reasonable under Rule 23(h) and in compliance with Eleventh Circuit precedent.

3. The Court finds that litigation costs and expenses in the amount of $197,378.86, as set forth in detail in Plaintiffs' motion and to be paid from the $2 million award, is fair and reasonable based on the nature of the litigation and the benefit obtained for the class.

4. The Service Award in the amount of $5,000 total, to Plaintiffs John Robert Begley and Carrie Bell Begley jointly, also to be paid from the $2 million award, is fair and reasonable and consistent with Eleventh Circuit precedent.

5. Ocwen is directed to pay class counsel $2 million dollars, in accordance with and in the timeframe contemplated by the settlement. Thereafter, class counsel is directed to distribute the Service Award to the Begleys.

**SO ORDERED**, on this 22nd day of November, 2017.

*M. Casey Rodger*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**